IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : | |
| Plaintiff, | : | |
| vs. | : | CA 09-0643-C |
| WINN-DIXIE, INC., | : | |
| Defendant. | : | |

## ORDER

This action is before the Court on Defendant Winn-Dixie, Inc.'s Motion for a Protective Order (Doc. 13), filed April 21, 2010, and Plaintiff EEOC's response (Doc. 18) thereto, filed April 29, 2010. For the reasons that follow, Defendant's motion is hereby **DENIED**.

### I. Factual Background/Procedural History.

This action comes before the undersigned as an age discrimination case in which Plaintiff EEOC avers that Defendant Winn-Dixie committed legally-sanctionable discrimination against a Mr. Clyde Bradberry, who was passed over for the position of Store Manager at a Winn-Dixie supermarket in Selma, Alabama. (Doc. 1, Complaint, p. 1.) Instead of hiring Mr. Bradberry, who was 50 years old at the time, the company hired an applicant of 24 years of age who was, allegedly, less qualified for the position than Mr. Bradberry. (*Id.* at 3.) Adding a slight wrinkle to the situation, however, is the fact that

the younger applicant applied after an announced deadline, *and after the company had already offered the position to Mr. Bradberry*. (*Id*.)

The EEOC, on behalf of Mr. Bradberry, filed suit on September 29, 2009, seeking a permanent injunction against Winn-Dixie "from engaging in unlawful employment practices on the basis of age," an award of "back pay wages" combined with liquidated damages of an equal sum, and the "affirmative relief necessary" to "make whole Clyde Bradberry," including "rightful place promotion." (*Id*. at 4.) After the parties entered their Rule 26(f) report (Doc. 9) on January 19, 2010, the undersigned entered a Rule 16(b) Scheduling Order (Doc. 10) on January 27, 2010. That order provides for up to ten (10) depositions by each party of up to seven (7) hours each "unless extended by written agreement of the parties." (Doc. 10, p. 3.) According to the EEOC, they advised Defendant Winn-Dixie of its intent to take the 30(b)(6) deposition of Winn-Dixie *and* eight fact witnesses, including Mr. Larry Crane, Store Director of Winn-Dixie Store 543, the particular Winn-Dixie location at which Mr. Bradberry was employed. (Doc. 18, p. 2.) Although Winn-Dixie allegedly "expressed an interest in Larry Crane's . . . individual deposition being combined with the 30(b)(6) deposition," the EEOC repeated its desire to conduct a separate deposition of Mr. Crane. (*Id*. at 3.) According to the EEOC, the parties then agreed on dates and times to take both the corporate and individual depositions, and so on March 18, 2010, the EEOC notified Winn-Dixie that it wished to depose Winn-Dixie's Rule 30(b)(6) representative on April 14, 2010. (*Id*.) That same day, the EEOC also served notice to Winn-Dixie to take Mr. Crane's *individual*

deposition, which was planned for April 22, 2010. (*Id.*) On or about April 12, 2010, Winn-Dixie informed the EEOC in writing that Mr. Crane would be designated to testify on behalf of the company, and after the April 14, 2010 30(b)(6) deposition of Winn-Dixie took place, Winn-Dixie announced that it would not be producing Mr. Crane for his individual deposition, citing the broadly-encompassing nature of the deposition two days prior. (*Id.*) Despite numerous efforts between the parties to resolve the dispute over Mr. Crane's individual deposition, they have not come to an agreement, and so on April 21, 2010, Defendant Winn-Dixie filed a Motion for a Protective Order (Doc. 13), and on April 29, 2010, the EEOC filed its response (Doc. 18).

## II. Discussion.

### A. Motion for Protective Order

Rule 26(c) of the Federal Rules of Civil Procedure states, in pertinent part:

> A party or person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, *for good cause*, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery . . .

Fed.R.Civ.P. 26(c)(1)(A) (emphasis added). Here, it is clear that Defendant has satisfied the *technical* requirements for the entry of a protective order, as a clearly-stated certification within their motion attests. (Doc. 13, p. 1.) Unfortunately for Defendant, however, the burden is on the moving party to demonstrate good cause for any potential

protective order. *Estate of Manship v. U.S.*, 240 F.R.D. 700, 701 (N.D.Ga. 2006). In order to establish good cause, the moving party must offer a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981). Also, "[w]hen evaluating whether a movant has satisfied his burden of establishing 'good cause' for a protective order preventing a deposition, a court should balance the non-moving party's interest in obtaining discovery and preparing for trial against the moving party's proffer of harm that would result from the deposition." *Baratta v. Homeland Housewares, LLC*, 242 F.R.D. 641, 642 (S.D. Fla. 2007) (citing *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985)). "It is very unusual," moreover, "for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error." *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979).[1]

Winn-Dixie's main objection to the proposed deposition of Mr. Crane in his individual capacity seems to be that the deposition that he has already endured– as the designated corporate representative– was "very thorough" and marred by "unnecessary questioning" related to off-topic subjects and that . (Doc. 13, p. 3.) Winn-Dixie also suggests that since the EEOC refuses to identify the particular topics about which it

---

[1] The Eleventh Circuit, in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (1981), adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to September 30, 1981.

wishes to question Mr. Crane, the deposition should not be allowed.[2] (*Id.* at 4.) The EEOC counters with legal precedent establishing their assertion that deposing a witness designated as a corporation's 30(b)(6) representative does not create a *de facto* bar from having that same witness deposed as to his or her individual knowledge, as a person deposed in his or her individual capacity and later in his or her capacity as a 30(b)(6) representative is essentially treated as two separate people. Indeed,

> A deposition pursuant to Rule 30(b)(6) is substantially different from a witness's deposition as an individual. A 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity . . . Moreover, if the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation. Thus, the duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved.

*DHL Express (USA), Inc. v. Express Save Industries Inc.*, 2009 WL 3418148 (S.D. Fla. Oct. 19, 2009) (internal quotations and citations omitted). In other words, "[U]nder the law, a corporate entity is distinct from individuals who control or manage the corporation." *Provide Commerce, Inc. v. Preferred Commerce, Inc.*, 2008 WL 360588, *3 (S.D. Fla. Feb. 8, 2008).

Ultimately, the entry of a protective order lies within the court's sound discretion.

---

[2] It should perhaps be noted here that Winn-Dixie reports that it has told the EEOC that if the subject areas of the proposed deposition were made clear to them, they would relent, and would be "willing to give the EEOC an appropriate amount of time to complete its interrogation as to the subject identified." (Doc. 13, p. 5.)

*Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 482 (10th Cir. 1995); *Kansas City Southern Ry. Co. v. Nichols Constr. Corp.*, 2008 WL 199875, *2 (E.D. La. Jan. 22, 2008). To put it clearly, Winn-Dixie has failed to meet its burden of proving that the EEOC's proposed deposition of Mr. Crane in his individual capacity should be disallowed by this Court because they have neglected to show any concrete way in which the proposed deposition falls outside the range of acceptable discovery.

**III. Conclusion.**

Therefore, Defendant Winn-Dixie's Motion for a Protective Order (Doc. 13) is hereby **DENIED**. Winn-Dixie is therefore **DIRECTED** to make Mr. Crane available to Plaintiff for a deposition in his personal capacity.

**DONE** and **ORDERED** this the 28th day of May, 2010.

   s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**