# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT | : | |
| OPPORTUNITY COMMISSION, | | |
| Plaintiff, | : | |
| vs. | : | CA 09-0643-C |
| WINN-DIXIE, INC., | : | |
| Defendant. | : | |

## ORDER

This action is before the Court on Plaintiff Equal Employment Opportunity Commission ("EEOC")'s Motion for Leave to Amend Complaint (Doc. 15), filed April 26, 2010, and Defendant Winn-Dixie's response (Doc. 19) thereto, filed May 3, 2010, containing arguments that this court will construe as a motion to dismiss. For the reasons that follow, the EEOC's motion to amend is hereby **GRANTED**.

This action comes before the undersigned as an age discrimination case in which Plaintiff EEOC avers that Defendant Winn-Dixie committed legally-sanctionable discrimination against a Mr. Clyde Bradberry, who was passed over for the position of Store Manager at a Winn-Dixie supermarket in Selma, Alabama. (Doc. 1, Complaint, p. 1.) Instead of hiring Mr. Bradberry, who was 50 years old at the time, the company hired an applicant of 24 years of age who was, allegedly, less qualified for the position than Mr.

Bradberry.  (*Id*. at 3.)  Adding a slight wrinkle to the situation, however, is the fact that the younger applicant applied after an announced deadline, *after the company had already offered the position to Mr. Bradberry*.  (*Id*.)

The EEOC, on behalf of Mr. Bradberry, filed suit on September 29, 2009, seeking a permanent injunction against Winn-Dixie "from engaging in unlawful employment practices on the basis of age," an award of "back pay wages" combined with liquidated damages of an equal sum, and the "affirmative relief necessary" to "make whole Clyde Bradberry," including "rightful place promotion."  (*Id*. at 4.)  Winn-Dixie answered (Doc. 5) the complaint on December 2, 2009, asserting that Winn-Dixie Montgomery, LLC, and not Winn-Dixie Stores, Inc., was the proper defendant in this action.  (Doc. 5, p. 1.)  After the undersigned entered a Rule 16(b) scheduling order (Doc. 10) on January 27, 2010, giving the EEOC until April 30, 2010 to amend their pleadings and to join other parties, Plaintiff EEOC filed its Motion for Leave to Amend Complaint (Doc. 15) along with a supporting brief (Doc. 16) on April 26, 2010.  In its motion to amend, Plaintiff EEOC seeks to add Winn-Dixie Montgomery, LLC, as a defendant to the current suit.  (Doc. 16, p. 4.)

Defendant filed its reponse (Doc. 19) to the motion to amend on May 3, 2010, contending that the Court should deny it because (1) this Court lacks personal jurisdiction over Winn-Dixie, Inc., and (2) Winn-Dixie, Inc. has never been Mr. Bradberry's

employer. (Doc. 19, pp. 4-5.) Specifically, Winn-Dixie believes that "the only proper amendment to the Complaint is the substitution of Winn-Dixie Montgomery, LLC for Winn-Dixie Stores, Inc." (*Id*. at 1.) Because Defendant Winn-Dixie Montgomery, LLC, agrees with the EEOC that it belongs in the suit, Plaintiff's Motion is hereby **GRANTED**. As such, Winn-Dixie Montgomery, LLC, is now a named defendant in this action and is to be served with the Amended Complaint.

The *replacement* of Winn-Dixie, Inc., with Winn-Dixie Montgomery, LLC, however, is outside the parameters of what the EEOC requests in its motion, and would therefore be an improper disposition of EEOC's motion. As a result, the undersigned will construe Winn-Dixie Inc.'s argument as a motion to dismiss themselves from this suit. Plaintiff EEOC will have until **June 10, 2010** to respond to the motion, and Winn-Dixie will then have until **June 17, 2010** to reply to any response thus presented.

**DONE** and **ORDERED** this the 28th day of May, 2010.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**