# EXHIBIT 2



BRADLEY ARANT
BOULT CUMMINGS

Jennifer J. McGahey
Direct: (205) 521-8646
Fax: (205) 488-6646
jmcgahey@babc.com

July 9, 2010

VIA E-MAIL

Marsha L. Rucker, Esq.
Equal Employment Opportunity Commission
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL 35205

RE: *EEOC v. Winn-Dixie Montgomery, LLC*, 2:09-cv-00643-C

Dear Ms. Rucker,

This letter follows up on my July 8 letter, which outlined the information Winn-Dixie Montgomery, LLC ("WDM") is agreeable with producing in a good faith effort to resolve the discovery issues raised in your June 16 letter. To be clear, as stated in my July 8 email to you, it is my understanding that this supplemental production fully resolves the issues raised in your June 16 letter, and you have not indicated that the EEOC has a different understanding. Again, WDM is producing this information, which is bates labeled D01132 – D01156, in the spirit of compromise and is not waiving the objections it previously made against providing this information.

1. <u>CSM Applicant Data</u>. Enclosed is a list of known applicants who expressed an interest in the Center Store Manager ("CSM") position in 2007, 2008, and 2009. The list also includes dates of birth.

2. <u>CSM Salary Information</u>. Also enclosed is information regarding the compensation of each individual who held a CSM position in District 36 in 2007.

3. <u>Previously Produced Personnel Records</u>. Although we produced all personnel records as they are maintained in the usual course of the Company's business, we are willing to provide you with the bates ranges of each personnel file that was produced. Mr. Bradberry's personnel files are D00294 – 341 and D00342 – 406. Jason Godwin's personnel files are D00407 – 475 and D00476 – 507. Drew Elkins' personnel files are D00509 – 559 and D00560 – 565. Larry Crane's personnel files are D00566 – 603 and D00604 – 608. Demetria Pettaway's personnel files are D00609 – 627 and D00628 – 710. Anthony Black's personnel files are D00711 – 737 and D00738 – 839. Alvin Barnett's personnel files are D00840 – 895 and D00896 – 1033. Russell Haskell's personnel files are D01034 – 1117 and D01118 – 1121.

4. <u>Names of Store Directors and Co-Directors in District 36</u>. WDM is willing to provide the Commission with the names of individuals who were Store Directors and Co-

Marsha L. Rucker, Esq.
July 9, 2010
Page 2

---

4. <u>Names of Store Directors and Co-Directors in District 36</u>. WDM is willing to provide the Commission with the names of individuals who were Store Directors and Co-Directors in District 36 as of January 1, 2008. These individuals can be identified on the enclosed list of all Managers in District 36 as of January 1, 2008.

5. <u>Prior Age Complaints</u>. This letter confirms that, other than Mr. Bradberry's claim, no other age-based complaints were made against Store 543 between January 1, 2004 and December 31, 2007. The EEOC, however, has also requested information regarding age-based complaints in District 36 that were made during that same time period. Two anonymous complaints of age discrimination were made in District 36 through the company's W-DIAL hotline during this time frame. The first was made on May 9, 2007 concerning Store 407. The anonymous caller reported that a pharmacy tech stated another associate should not be in a position because she was "too young" and that she (the pharmacy tech) should not have to work as hard because she is older. The second complaint was made on May 15, 2007 concerning Store 521. The anonymous caller alleged that the Front End Manager refused to hire an applicant because the applicant was only 15 years old.

We will promptly produce any other information identified in my July 8 letter once we receive it. Please let me know of any questions in the meantime.

Very truly yours,

Jennifer J. McGahey

JJM/vlt

cc:   John W. Smith T, Esq.

(12/29/2010) GERALD MILLER - Re: Response to July 7, 2010 correspondence-EEOC vs. Winn    Page 1

Case 2:09-cv-00668-C Document 80 Filed 12/30/10 Page 4 of 15

| | |
|---|---|
| **From:** | MARSHA RUCKER |
| **To:** | jmcgahey@babc.com |
| **Date:** | 7/9/2010 5:35 PM |
| **Subject:** | Re: Response to July 7, 2010 correspondence-EEOC vs. Winn |

Thanks!


-----Original Message-----
From: "McGahey, Jennifer J." <jmcgahey@babc.com>
Cc: Smith T, John W. <jsmitht@babc.com>
To: RUCKER, MARSHA <MARSHA.RUCKER@EEOC.GOV>

Sent: 7/9/2010 6:27:22 PM
Subject: RE: Response to July 7, 2010 correspondence-EEOC vs. Winn   Dixie

Ms. Rucker,
The documents are being bates labeled right now. I will email them to you today and also have them hand delivered on Monday if that works for you.

From: MARSHA RUCKER [mailto:MARSHA.RUCKER@EEOC.GOV]
Sent: Friday, July 09, 2010 5:26 PM
To: McGahey, Jennifer J.
Subject: Re: Response to July 7, 2010 correspondence-EEOC vs. Winn Dixie

Ms. McGahey:

I plan to leave the office shortly; however, I will stay if you are about to deliver Winn Dixie's production.

Please advise. My cell # is (205)533-1450.

Thank you,

Marsha Rucker

>>> "McGahey, Jennifer J." <jmcgahey@babc.com> 7/8/2010 10:21 PM >>>
Ms. Rucker,
We will send you tomorrow applicant data, salary information, age based complaint information, and store director and co-director names as outlined in my July 7 letter. The remaining information identified in my letter will take some additional time. We are agreeing to provide this additional information with the understanding that this resolves all issues in your letter. If that is not your understanding, please let me know by noon tomorrow. Otherwise, I will assume that WDM's agreement to provide the information outlined in my letter satisfies and resolves the EEOC's discovery issues.

On Jul 8, 2010, at 5:48 PM, MARSHA RUCKER <MARSHA.RUCKER@EEOC.GOV> wrote:

> Ms. McGahey:
>
> The Commission acknowledges receipt of your July 7, 2010 correspondence regarding Winn Dixie's discovery requests. For the sake of brevity, the Commission chooses not to address some the inconsistencies contained in your letter. We, too, are interested in moving forward and hope like you, to resolve the outstanding discovery disputes.
>
> Accordingly, the Commission anticipates receiving your outstanding response to discovery as highlighted in your letter by the close of business tomorrow. In sum, the Commission anticipates receiving the following documents.

(12/29/2010) GERALD MILLER - Response to July 7, 2010 correspondence-EEOC vs. Winn Page 2

Case 1:09-cv-00849-SLR Document 80-2 Filed 12/30/10 Page 5 of 15

>
>
> 1. Personnel records of all Center Store Managers in District #36, including but not limited to work histories, applications for employment, corrective and/or disciplinary records, salary and benefit information, and performance appraisals.
>
> 2. Applicant data for each center store manager position that was filled in District #36 for the relevant time period. This request pertains to all Center Store manager positions that were filled in year 2007.
>
> 3. The names of all store directors (store managers) and co-directors(store asst. managers) for the relevant time period.
>
> 4. Center Store Manager salary information-see above request-personnel files.
>
> 5. Prior age discrimination complaints in District 36 for the relevant time period. Such information should contain the identities of persons making such complaints and store location.
>
>

Confidentiality Notice: This e-mail is from a law firm and may be protected by the attorney-client or work product privileges. If you have received this message in error, please notify the sender by replying to this e-mail and then delete it from your computer.

_____

Confidentiality Notice: This e-mail is from a law firm and may be protected by the attorney-client or work product privileges. If you have received this message in error, please notify the sender by replying to this e-mail and then delete it from your computer.

## GERALD MILLER - Response to July 7, 2010 correspondence-EEOC vs. Winn Dixie

**From:** MARSHA RUCKER
**To:** jmcgahey@babc.com
**Date:** 7/8/2010 5:47 PM
**Subject:** Response to July 7, 2010 correspondence-EEOC vs. Winn Dixie

Ms. McGahey:

The Commission acknowledges receipt of your July 7, 2010 correspondence regarding Winn Dixie's discovery requests. For the sake of brevity, the Commission chooses not to address some the inconsistencies contained in your letter. We, too, are interested in moving forward and hope like you, to resolve the outstanding discovery disputes.

Accordingly, the Commission anticipates receiving your outstanding response to discovery as highlighted in your letter by the close of business tomorrow. In sum, the Commission anticipates receiving the following documents.

1. Personnel records of all Center Store Managers in District #36, including but not limited to work histories, applications for employment, corrective and/or disciplinary records, salary and benefit information, and performance appraisals.

2. Applicant data for each center store manager position that was filled in District #36 for the relevant time period. This request pertains to **all** Center Store manager positions that were filled in year 2007.

3. The names of all store directors (store managers) and co-directors(store asst. managers) for the relevant time period.

4. Center Store Manager salary information-see above request-personnel files.

5. Prior age discrimination complaints in District 36 for the relevant time period. Such information should contain the identities of persons making such complaints and store location.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Birmingham District Office**

Ridge Park Place
1130 22nd Street, Suite 2000
Birmingham, AL 35205
(205) 212-2100
TTY (205) 212-2112
FAX (205) 212-2105

June 16, 2010

**Via EMAIL**
Jennifer Mcgahey, Esq.
John SmithT, Esq.
Bradley Arant Boult Cummings LLP
1819 5th Avenue North
Birmingham, AL 35203

   Re: **EEOC v. Winn Dixie, Inc.**
      ***Civil Action No. 2:09-cv-0643-c***

Dear Counsel:

This letter contains the Commission's concerns regarding written responses and documents produced on April 7, 2010 in response to Plaintiff's First Request for Documents.[1]

Per Fed. Rule Civ P. 37(a) (3), Winn Dixie's responses to Plaintiff's First Request for Production of Documents, Plaintiff's First Set of Interrogatories, and First Request for Admissions are woefully deficient. Winn Dixie has made specious objections to the Commission's discovery requests and failed to provide complete answers to Plaintiff's Interrogatories, Requests for Production and Request for Admissions.

The Commission requests that Defendants address the deficiencies as outlined below, and supplement their discovery responses by providing full and complete responses by June 23, 2010.

### Defendants' Blanket Designation of Documents as "Confidential" is improper under applicable Rules of Fed. Civil Procedure

Defendants marked all 1150 pages of its document production "confidential" yet these claims are unfounded. Per applicable rules of Fed. Civ. Procedure, if a party wishes to prevent the disclosure of confidential documents, the party must move for a Protective Order. Fed. R. Civ. P. 26(c). Here, Defendants have not moved for a Protective Order to prevent the disclosure of confidential documents. Instead, Defendants have designated without entry of an order, their complete production as confidential.

Accordingly, please remove designation of "confidential" from Defendants' document production.

---

[1] On March 5, 2010, Plaintiff served Defendants with written discovery that sought documents and information from Defendant

Jennifer McGahey, Esq.
John Smith T, Esq.
EEOC vs. Winn Dixie
June 16, 2010
Page 2 of 10

**DEFENDANTS' RSPONSES TO REQUEST FOR DOCUMENTS**

In their responses to Plaintiff's First Request for Documents, Defendants have set forth four (4) general objections.

**General Objection 1**

Defendants assert as a general objection #1, "Winn Dixie objects to each request to the extend it seeks information protected from discovery by the attorney-client privilege or work- product doctrine." However, Defendants have not tendered a privilege log that denotes defendants are withholding documents pursuant to privilege.

Accordingly, please advise if any documents are being withheld pursuant to privilege and if so, please forward a privilege log by June 23, 2010.

**General Objection 2**
**Request for Production #1-11**

Defendants assert that they withheld documents for Request for Production # 1-11 in reliance on General Objection 2.  General Objection 2 states:

> Winn Dixie objects to each request to the extend it seeks information concerning employees, policies, practices, and procedures at stores other than Store # 543 on the grounds that it is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Mr. Bradberry contends he was denied a promotion because of his age at Store No. 543 only.

Federal Rules of Civil Procedure are clear in that a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter of the pending action. Fed. R. Civil 26(b)(1).  "Relevant to the subject matter" has been construed broadly to encompass any matter, or any related matter that could reasonably bear on other matters subject of the litigation. Oppenheimer Fund, Inc vs. Sander, 437 U.S. 340, 351 (1978). Moreover, in employment cases, discovery has been construed broadly. The scope of discovery in Title VII employment discrimination actions is broad.  6 Moore's Federal Practice § 26.46[7] (Matthew Bender 3d Ed.).

Plaintiff has tailored its discovery to obtain relevant evidence, which is "reasonably calculated to lead to the discovery of admissible evidence" as set forth in Rule 26(b)(1). Since this is a discrimination case, Plaintiff is allowed to compare and contrast employees hired and promoted in the district where Mr. Bradberry is employed. See McDonnell Douglas Corp. v. Green, 411

Jennifer McGahey, Esq.
John Smith T, Esq.
EEOC vs. Winn Dixie
June 16, 2010
Page 3 of 10

U.S. 792, 793 (1973), See also <u>Soto vs. Genetech, Inc.</u> 2008 U.S. Dist. Lexis 88935 (D.Fla. October 17, 2008):

> Comparative information is necessary to afford an employment discrimination plaintiff a fair opportunity to develop her case and may be relevant to establish the pretextual nature of a defendant's conduct, and a plaintiff who must shoulder the burden of proving that the reasons given for [adverse employment action] are pretextual should not normally be denied the information necessary to establish that claim during discovery.).

Contrary to Winn Dixie's assertion, the subjects underlying the requested discovery are far from extraneous; indeed, they are directly relevant to core issues in plaintiff's discrimination case. With respect to request for workforce rosters and request for personnel records of all managers within District #36, such as requested in RPDs # 9 and #11, evidence obtain through these RPDs may be used to identify comparators. Workforce rosters may yield witnesses who can corroborate that others within the protected class were subjected to discriminatory terms and conditions by Winn Dixie. These same witnesses may also provide information that those with decision making authority for the district have age animus. Personnel records of other managers, particularly Center Store Managers, may show that those promoted (or hired) had less management experience that Mr. Bradberry. [2]

Additionally, policies regarding hiring and promotions of other managers within the district can aid in proving pretext. With respect to the Commission's request for hiring and promotion policies within the district, such information is relevant to Winn Dixie's defense that its failure to promote Mr. Bradberry was made for legitimate nondiscriminatory reasons or was based on reasonable factors other than age. In order to show that this proffered reason is pretextual, the Commission is entitled to discover if within the district where Mr. Bradberry sought promotion, whether Winn Dixie deviated from such policies during the relevant time period.[3] With regard to the Commission's requests for other complaints of discrimination, such evidence may be admitted to show motive or intent. Though evidence of "other bad acts" is never admissible to establish propensity for similar behavior, evidence of other acts of discrimination similar to the discrimination charged may be admitted to show motive or intent. See <u>Miller v. Poretsky</u>, 595 F. 2d 780 (.D. Cir. 1987). Thus, further response to the RPDs may yield admissible evidence beyond that relating to Mr. Bradberry without offending Federal Rule of Civil Procedure

---

[2] In defense to this action, Winn Dixie has asserted that it considered as highly relevant, whether a candidate for the Center Manager Store position had previous key carrying management experience. A review of Center Store Manager personnel records may provide evidence that supports or refute Defendants' assertion.

[3] Winn Dixie has asserted throughout the litigation that management hiring and promotional decisions could not be made without the support of the District Specialist. Accordingly, the Commission is entitled to discover upon which policies the District Specialist relied on in making hiring and promotions decisions within the district that Mr. Bradberry sought promotion.

Jennifer McGahey, Esq.
John Smith T, Esq.
EEOC vs. Winn Dixie
June 16, 2010
Page 4 of 10


26(b)(1) because it may disclose discriminatory treatment of others within the protected age group upon which the Commission may rely on to prove its case.

Significantly, these issues have been raised repeatedly in depositions conducted by the plaintiff that have already been taken in this case; therefore, Winn Dixie has had ample notice that the plaintiffs' proof will include such evidence.

Accordingly, please amend your responses to include production related to all stores located in the same district as store #543.

**General Objection 3**
**Request for Production # 2, 3, 4,5,6,7,9,10, and 11**

Defendant asserts that it withheld documents for Request for Production # 2, 3, 4,5,6,7,9,10, and 11 in reliance on General Objection 3. General Objection 3 states:

> Winn Dixie objects to each request to the extent it is not limited to a relevant period of time on the grounds that is overly broad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Mr. Bradberry contends he was denied a promotion because of his age in 2007 only.

This objection seeks to limit plaintiff's discovery to what Defendants consider as the relevant time period of year 2007. A party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter of the pending action Fed. R. Civ. P. 26(b)(1). Further, case law makes clear that the discovery of information both before and after the liability period in an employment discrimination lawsuit may be relevant and/or reasonably calculated to lead to the discovery of admissible evidence. Thus courts commonly permit discovery for a reasonable number of year prior to and following the complaint. See e.g. Wallace vs. Dunn Construction Company, 62 F. 3d 374 (11th Cir. 1995).

Accordingly, please amend your responses to include production related to the relevant time period as set forth in Plaintiff's First Request for Production. Unless otherwise stated in the individual Request for Production, the relevant period is January 1, 2002 through December 31, 2007. Please provide your amended responses by June 23, 2010.

**General Objection 4**
**Request for Production 11, 13, 14,15,16,17, and 18**

With regard to Winn Dixie's confidentiality objection that it set forth in responses to Request for Production # 11, 13,14,15,16,17, and 18, it is well settled that confidentiality does not act as a bar to discovery and is generally not grounds to withhold documents from discovery. In these requests, the Commission is seeking comparator personnel files; corrective and discipline actions

Jennifer McGahey, Esq.
John Smith T, Esq.
EEOC vs. Winn Dixie
June 16, 2010
Page 5 of 10

for comparative management employees; and performance evaluations for comparators and decision makers. Relevant case law holds that in Title VII employment discrimination litigation, disclosure of personnel files is inevitable. "In Title VII actions ... courts have customarily allowed a wide discovery of personnel files." Coughlin v. Lee, 946 F.2d 1152, 1159 (5th Cir. 1991).

Noticeably absent from Defendants' responses to Plaintiff's RPDs #12, 13, 14, 15, 16, 17, and 18, are complete personnel, discipline and performance evaluation records. For example, Winn Dixie had failed to produce performance evaluations for any person requested, prior to the year 2008.[4] Even with respect to Mr. Bradberry, Winn Dixie only produced his 2008-2009 performance evaluation. See Winn Dixie Bates #355-356. Performance evaluations are critical in that they may prove pretext. In particular, Winn Dixie's Interview and Selection Policy identified as Winn Dixie Bates # 33-43, states that Winn Dixie should determine selection of candidates based upon point system. The point system is determined by last performance appraisal and years of service in position. Further such policy states HR approval is required if a candidate is selected not determined through this process. Winn Dixie Bates # 37. Accordingly, Mr. Bradberry's and Mr. Godwin's last performance evaluation prior to Winn Dixie's 2007 selection of a Center Store Manager for Store #543, would be determinative as to whether Winn Dixie followed its promotion policy with respect to the scoring of each candidate for the Center Manager Store position. Moreover, Mr. Godwin's personnel file may contain evidence of whether Winn Dixie sought H.R. approval prior to his selection as Center Store Manager. Absence of this information may help prove pretext.

With respect to discipline records for Mr. Elkins, Mr. Barnett, Mr. Crane, and Ms. Myricks, same may indicate age animus. Additionally, information contained in their respective personnel files may denote other instances where these decision makers violated Winn Dixie's EEO policies as it pertains to hiring and promotion decisions.

Accordingly, please provide amended discovery responses, which include the requested personnel information by the date set forth above. Otherwise, the Commission may be forced to seek court intervention.

**Failure to produce responsive documents**
RPD # 19 and 20

With respect to RFP # 19 and 20, Defendant failed to produce responsive documents prior by the written discovery deadline. Moreover, when defendant did provide such responses, the production was "scattershot" and not produced in the usual course of business. Defendant failed to organize and label the documents produced as Rule 34 requires. As was set forth in Peacock

---

[4] For example, the only performance evaluation produced for Jason Godwin is for year 2008-2009. See Winn Dixie Bates # 476-477. Likewise, Winn Dixie only produced Drew Elkin's performance evaluation for year 2008 -2009. See Winn Dixie Bates # 560-562.

Case 2:09-cv-00643-C   Document 81-2   Filed 12/30/10   Page 12 of 15

Jennifer McGahey, Esq.
John Smith T, Esq.
EEOC vs. Winn Dixie
June 16, 2010
Page 6 of 10

v Merrill, 2008 WL 176375, 8 (S.D. Ala.) (S.D. Ala., 2008), " A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request.".

As a result, Plaintiff requests that defendant amend its responses in compliance with Rule 34 and supply a list of the documents produced corresponding to Plaintiff's requests.

**Defendants' Responses to Plaintiff's First Set of Interrogatories**

**Interrogatory # 1**

In its response to interrogatory # 1, Winn Dixie fails to identify any potential witnesses in the litigation or persons with knowledge of facts that support or refute allegations contained in Defendant's answer and affirmative defenses. Instead, Winn Dixie merely refers Plaintiff to its Rule 26(a) disclosures and documents, and that it will provide a witness list in accordance with the Court's Scheduling Order.

Fed. R. Civ. P. 33(b) provides that "each interrogatory shall be answered separately and fully...". Winn Dixie has not identified specific records containing specific information. Winn Dixie's response to Interrogatories # 1 is not self-contained but, instead, refers to an entirely different document. Accordingly, the Commission is left to guess what portions of Winn Dixie's Rule 26(a) disclosures and documents are responsive to this interrogatory. Winn Dixie's response, therefore, is non-responsive and pursuant to Fed. R. Civ. P. 37(a) (3) amounts to a failure to respond.

The Commission is entitled to full and complete answers to interrogatory #1. Accordingly, if Winn Dixie fails to supplement its discovery responses by the date set forth above, the Commission plaintiff may move for a motion to compel.

**Interrogatory 2. 3, 5, 9, 10, 13, 16**

Instead of answering the aforementioned Interrogatories, Winn Dixie chose to assert general objections including, but not limited to, that such requests are overly broad, unduly burdensome, not properly limited in time and scope, and irrelevant to the claims and defenses of the parties, and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Defendant tendered a jumbled set of documents, that although Bates-labeled, failed to identify which request for production they were being produced in response thereto.

For example, in interrogatory # 2, Plaintiff sought the identity of each employee who worked at Defendant's Selma, Alabama Store # 543 from the period of January 1, 2004 until December 31, 2007. It appears Defendant may have answered this request in its document production Bates-

Case 2:09-cv-00643-C   Document 81-2   Filed 12/30/10   Page 13 of 15

Jennifer McGahey, Esq.
John Smith T, Esq.
EEOC vs. Winn Dixie
June 16, 2010
Page 7 of 10

labeled series # 53-67; however, since same are not identified to corresponding interrogatory, the Commission is left to guess whether in fact, Defendant has provide responsive documents.

Therefore, as was set forth above, Plaintiff demands that Defendants supplement their responses to the aforementioned interrogatories by providing either specific descriptions or the Bates number ranges of the documents responsive to each request. If Plaintiff does not receive amendments to these interrogatories by June 23, 2010, the Commission may seek court intervention.

**Interrogatories # 3, 4, 6, 7, 8, 9, 10, 11 12, and 13**

In interrogatories #, 3, 4, and 6, Plaintiff was seeking information regarding store management level employees that were employed in the district where Mr. Bradberry sought promotion to Center Store Manager. In interrogatories #7 and 8, Plaintiff was seeking information relating to the organizational structure of each store located in the district where Mr. Bradberry sought promotion, pre and post its Chapter 11 filing. In Interrogatories #9, 10, 11 Plaintiff was seeking information relating to Winn Dixie's policies and practices concerning the posting of open positions, promotion and hiring. In interrogatory #12, the Commission was seeking information regarding whether Defendants deviated from its hiring and/or promotion policies and practices in the district where Mr. Bradberry is employed. In interrogatory #13, the Commission was seeking information regarding Defendant's written policies and practices related to age discrimination for each of its stores located in the district where Mr. Bradberry sought promotion.

Instead of answering the aforementioned interrogatories, Winn Dixie chose to assert general objections including, but not limited to, that such requests are overly broad, unduly burdensome, not properly limited in time and scope, and irrelevant to the claims and defenses of the parties, and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, Defendant refused to provide any information for stores other than for Store #543.

Rule 26 (b)(1) provides in pertinent part that parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. Further, Rule 26(b)(1) expressly provides that discovery is not limited to admissible evidence only, but also includes anything that "appears reasonably calculated to lead to the discovery of admissible evidence." As one court stated, "[a]dmissibility and relevance are not at issue at this stage of the lawsuit." Willis v. Golden Rule Ins. Co., 56 Fair Emp. Prac. Cases 1451, 1454 (E.D. Tenn. 1991).

The aforementioned interrogatories are directly relevant to the issues in this case. The identities, qualification and prior work histories of similarly-situated employees are relevant to support the Commission's contention that defendants' proffered reasons for failing to promote Mr.

Jennifer McGahey, Esq.
John Smith T, Esq.
EEOC vs. Winn Dixie
June 16, 2010
Page 8 of 10

Bradberry are pretextual. Comparator employment histories may reveal that they had similar (or less) management experience than Mr. Bradberry; nevertheless, those outside of the protected class were promoted to Center Store Manager. Moreover, the Commission is entitled to any evidence regarding other hiring and promotion decisions made by the District Specialist who participated in the selection of the Center Store Manager position for which Mr. Bradberry applied. Such evidence may denote age animus and/or his propensity for selecting only those candidates outside of the protected age category.

As to Winn Dixie's claims of burden, same is not well taken. A party opposing discovery on claims of undue burden is required to allege facts demonstrating the extent and nature of the burden imposed by preparing a proper response. Courts in this jurisdiction have held consistently that intoning the litany of "overly broad and burdensome", without more, does not express a valid objection.

Winn Dixie has asserted this specious objection as denoted by its failure to supply any specifics facts to support its burdensome objection. In light of the high degree of relevancy of each of these interrogatories, defendants are hard pressed to demonstrate the extent of an unreasonable burden in this case.

Accordingly, please amend your responses to include the requested personnel information by June 23, 2010.

**Interrogatories# 3 and 4**

With regard to Winn Dixie's confidentiality objection that it set forth in responses to Interrogatories# 3 and 4, it is well settled that confidentiality does not act as a bar to discovery and is generally not grounds to withhold documents from discovery. Relevant case law holds that in Title VII employment discrimination litigation, disclosure of personnel files is inevitable, "In Title VII actions ... courts have customarily allowed a wide discovery of personnel files." Coughlin v. Lee, 946 F.2d 1152, 1159 (5th Cir. 1991).

Winn Dixie's use of a confidentiality objection is wholly inappropriate and contrary to Fed. R. Civ. P. 26. Fed. R. Civ. P. 26(g)(2)(B) requires that discovery responses and objections shall not be "interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation . . ." Winn Dixie has not specified that it is concerned about any particular document pertaining to any particular employee, or described a particular adverse affect or injury that may result from disclosure of documents.

Accordingly, please provide amended discovery responses, which include the requested personnel information by the date set forth above. Or alternatively, please provide a privilege log for the withheld documents. Failure to provide a response to these interrogatories by June 23,

Jennifer McGahey, Esq.
John Smith T, Esq.
EEOC vs. Winn Dixie
June 16, 2010
Page 9 of 10

2010, may result in the Commission seeking court intervention in the form of a motion to compel.

**Interrogatory # 14 and 15**

Winn Dixie failed to provide a responsive answer to interrogatories #14 and 15. In these interrogatories, plaintiff was seeking the identity and title each person employed by defendant who has authority to hire, fire or discipline employees, set work schedule for employees, establish rules for employees, make changes to job assignments, and recommend and/or change employee compensation for each store located in the district where Clyde Bradberry is employed. While admittedly, defendants have given the title of such persons, it has failed to disclose the identity of the individuals vested with such authority, for the relevant time period.

Accordingly, please amend your responses to include the name and title of each person employed by Defendant in the District where store #543 located. Please provide a response by June 4, 2010.

**Interrogatory # 17**

With regard to the Commissions requests for other complaints of discrimination in District #36, absent a protective order, Winn Dixie is in violation of applicable rules of procedure by withholding a complete answer to this interrogatory. Parties may obtain discovery regarding any matter, not privileged, that is relevant to claim or defense of any party. Fed. R. Civ P. 26(b(1). If a party fails to answer an interrogatory, the discovering party may move for an order compelling an answer to the interrogatory. See. Fed. R. Civil P. 37(a)(2).

District complaints of age discrimination are directly relevant as they may aid the Commission in identifying appropriate comparators and to obtain evidence of pretext. If for instance, the Commission can show that Winn Dixie had a pattern and practice of failing to promote candidates in the protected age category, such evidence can be used to prove motive and intent Moreover, evidence demonstrating systematic or general discrimination can be used to support an individual claim of discrimination.

If Winn Dixie is withholding a response to this interrogatory based on attorney-client privilege, in accord with applicable rules, Defendants are required to tender a privilege log.

Accordingly, please advise if any documents are being withheld pursuant to privilege and if so, please forward a privilege log by June 23, 2010. Otherwise, please provide an amended response to this interrogatory.